# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS LORIGO, | Case No. 1:13-cv-00405-SKO |
| Plaintiff, | **ORDER GRANTING NUNC PRO TUNC LEAVE FOR PLAINTIFF TO FILE OPENING BRIEF OUT OF TIME** |
| v. | |
| CAROLYN W. COLVIN, Acting Comm'r of Social Security, | (Docket No. 20) |
| Defendant. | |
| _____/ | |

On December 4, 2013, the parties filed a stipulation that Plaintiff's time to file the opening brief be extended to January 6, 2014. (Doc. 18.) The Court granted Plaintiff leave to file the opening brief **on or before January 6, 2014.** (Doc. 19.) However, Plaintiff did not file an opening brief until January 7, 2014, and failed to request leave to file the brief out of time.[1] (Doc. 20.)

The Court is generally inclined to grant good-cause requests for extensions of time, particularly where additional time is necessary for the parties to discuss issues within the administrative record. However, a party's subsequent failure to abide by the stipulation for an

---

[1] The Court's order was not predicated on Plaintiff filing the opening brief within a specified time after service of the order such that Federal Rule of Civil Procedure 6(d) would apply to add an additional three (3) days to act. Rather, the Court imposed a precise deadline – one that the parties themselves requested. (Docs. 18, 19.)

extension of time and the court order approving the stipulation is not only professionally discourteous to opposing counsel – it is in direct contravention of an express court order.

While Plaintiff's counsel's filing of the opening brief was untimely by only one day, briefing schedules are not mere suggestions or worthless pieces of paper that the parties may disregard at their whim; rather, counsel's disregard of scheduling orders places at peril their client's case and risks sanctions. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (a scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril . . . Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and cavalier.").

Plaintiff's counsel is ADMONISHED that any future failure to honor the terms of a stipulation with opposing counsel or to abide by express court orders regarding briefing deadlines will be viewed with disfavor.  Such continued failures may be cause for the imposition of sanctions.

Since Plaintiff's brief was filed one day late, the other filing deadlines will be adjusted accordingly, and one additional day will be added to the filing dates requested by the parties and previously ordered by the Court.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is granted, *nunc pro tunc*, leave to file the opening brief on January 7, 2014;
2. Defendant's responsive brief shall be filed **no later than February 6, 2014**; and
3. Plaintiff's reply brief shall be filed **no later than February 13, 2014**.

IT IS SO ORDERED.

Dated:  **January 8, 2014**          /s/ Sheila K. Oberto
                                     UNITED STATES MAGISTRATE JUDGE

2