# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS M. LORIGO, | Case No. 1:13-cv-00405-SKO |
| Plaintiff, | **ORDER THAT PLAINTIFF'S COUNSEL FILE A SUPPLEMENTAL DECLARATION OR STATEMENT ON OR BEFORE OCTOBER 10, 2015** |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | (Doc. 27) |
| Defendants. | |

## I. INTRODUCTION

On September 4, 2015, counsel for Plaintiff, Steven Rosales, Esq., filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. 27.) Plaintiff was served with a copy of the motion for attorney's fees by mail on September 4, 2015. (Doc. 27, p. 10.) On September 8, 2015, the Court issued a minute order allowing Plaintiff Carlos M. Lorigo ("Plaintiff") and the Commissioner to file any objection to Plaintiff's counsel's motion by no later than September 21, 2015. (Doc. 28.) (Doc. 23.) The Commissioner filed a response on September 16, 2015, noting she had no specific opposition to Plaintiff's counsel's motion. For the reasons set forth below, Plaintiff's counsel shall file a supplemental declaration or statement showing that Plaintiff's past-due award is $50,249.00.

## II.   BACKGROUND

Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying his claim for disability benefits under the Social Security Act.  (Doc. 1.)  On April 18, 2014, the Court ordered the case remanded for further administrative proceedings before an Administrative Law Judge ("ALJ"), and judgment was entered the same day.  (Docs. 23, 24.)  On August 6, 2014, the parties stipulated to an award of attorney's fees and expenses under the Equal Access to Justice Act ("EAJA"), which the Court approved.  (Docs. 25, 26.)   Plaintiff was awarded $3,500 in attorney's fees under the EAJA.  (Doc. 26.)

On November 21, 2014, the Commissioner issued a decision finding Plaintiff disabled. (Doc. 27-2.)  On December 21, 2014, the Commissioner issued a Notice of Award ("Notice) letter stating that retroactive disability benefits had been awarded to Plaintiff in the amount of $39,145.65, which represented "all the money Plaintiff was due through December 2014."  (Doc. 27-3, p. 1.)  The Notice letter also stated the following:

> We usually withhold 25 percent of past due benefits in order to pay the approved representative's fee.  We withheld $12,562.25 from your past due benefits in case we need to pay your representative.

(Doc. 27-3, p. 3.)

On May 13, 2015, Mr. Rosales filed a motion for attorney's fees in the amount of $12,562.25 with an offset of $3,500 for EAJA fees already awarded.  (Doc. 26.)  It is Plaintiff's counsel's Section 406(b) motion for attorney's fees that is currently pending before the Court.

## III.   DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants.   Section 406(b) provides the following in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in

addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added).

Although the Notice letter the Commissioner issued in this case indicates $12,562.25 was withheld from Plaintiff's past due benefits for attorney's fees, which appears to represent 25 percent of Plaintiff's past due benefits, the Notice letter also indicated Plaintiff was due $39,145.65 in past-due benefits.  It is not clear that Plaintiff was actually awarded $50,249.00 in past-due benefits, although the Commissioner's withholding of $12,562.25 for attorney's fees – assuming this amount is 25 percent of the past due benefits – circumstantially supports such an award.

For clarity of the record, Plaintiff's counsel shall file a short supplemental declaration or statement that explains how the past-due award of $50,249.00 is the correct amount in light of the Notice letter stating past due benefits were calculated as $39,145.65.

## IV.   CONCLUSION AND ORDER

For the reasons stated above, IT IS HEREBY ORDERED that **on or before October 10, 2015,** Plaintiff's counsel shall file a supplemental declaration or statement that supports Plaintiff's past due benefit award, which Plaintiff's counsel indicates is $50,249.00.

IT IS SO ORDERED.

Dated:   **September 28, 2015**                              **/s/ Sheila K. Oberto**
                                                             UNITED STATES MAGISTRATE JUDGE

3