# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS M. LORIGO, | Case No. 1:13-cv-00405-SKO |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)** |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | (Doc. 27) |
| Defendants. | |

## I. INTRODUCTION

On September 4, 2015, counsel for Plaintiff, Steven Rosales, Esq., filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. 27.) Plaintiff was served with a copy of the motion for attorney's fees by mail on September 4, 2015. (Doc. 27, p. 10.) On September 8, 2015, the Court issued a minute order allowing Plaintiff Carlos M. Lorigo ("Plaintiff") and the Commissioner to file any objection to Plaintiff's counsel's motion by no later than September 21, 2015. (Doc. 28.)  (Doc. 23.)  The Commissioner filed a response on September 16, 2015, noting she had no specific opposition to Plaintiff's counsel's motion. On October 10, 2015, Plaintiff's counsel filed a supplemental declaration. (Doc. 31.) For the reasons set forth below, Plaintiff's counsel's motion for Section 406(b) attorney's fees is GRANTED.

## II.   BACKGROUND

Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying his claim for disability benefits under the Social Security Act.  (Doc. 1.)  On April 18, 2014, the Court ordered the case remanded for further administrative proceedings before an Administrative Law Judge ("ALJ"), and judgment was entered the same day.  (Docs. 23, 24.)  On August 6, 2014, the parties stipulated to an award of attorney's fees and expenses under the Equal Access to Justice Act ("EAJA") in the amount of $3,500, which the Court approved.  (Docs. 25, 26.)

On November 21, 2014, the Commissioner issued a decision finding Plaintiff disabled.  (Doc. 27-2.)  On December 21, 2014, the Commissioner issued a Notice of Award ("Notice) letter stating that retroactive disability benefits had been awarded to Plaintiff in the amount of $39,145.65, which represented "all the money Plaintiff was due through December 2014."  (Doc. 27-3, p. 1.)  The Notice letter also stated the following:

> We usually withhold 25 percent of past due benefits in order to pay the approved representative's fee.  We withheld $12,562.25 from your past due benefits in case we need to pay your representative.

(Doc. 27-3, p. 3.)

On September 4, 2015, Mr. Rosales filed a motion for attorney's fees in the amount of $12,562 with an offset of $3,500 for EAJA fees already awarded.  (Doc. 27.)  Due to a discrepancy in the amount of Plaintiff's past-due benefit award calculated in the December 21, 2014 Notice, the Court ordered Mr. Rosales to file a supplemental declaration setting forth the amount of Plaintiff's past-due benefits.  On October 10, 2015, Mr. Rosales filed a supplemental declaration indicating that the past-due benefit award was $53,211.20.  (Doc. 31.)  Thus, Mr. Rosales' maintains his requested attorney's fees – $12,562 – is less than 25% of the past-due benefits awarded and comports with Section 406(b).

## III.   DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants.   Section 406(b) provides the

2

following in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). The Commissioner has standing to challenge the award, despite that the Section 406(b) attorney's fee award is not paid by the government. *Craig v. Sec'y Dep't of Health & Human Servs*., 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807. The goal of fee awards under Section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The twenty-five percent (25%) maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, Section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (holding that Section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking

3

first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id.* (citing *Gisbrecht*, 535 U.S. at 807-08).

Here, the fee agreement between Plaintiff and Mr. Rosales provides as follows:

> 4.   If this matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter is **a separate 25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court.** Attorney shall seek compensation under the Equal Access to Justice Act and such amount shall credit to the client for fees otherwise payable for court work . . .

(Doc. 27-1.)

The Court has considered the character of counsel's representation of Plaintiff and the results achieved by counsel, which included an award of benefits. As Plaintiff's counsel, Mr. Rosales spent 18.4 hours reviewing the transcript and drafting briefs, and Mr. Rosales' support staff spent an additional 2.9 hours to prepare various letters and basic filings. (Doc. 27-4.) There is no indication that a reduction of the award is warranted due to any substandard performance by Mr. Rosales as he secured a successful result for Plaintiff. There is also no evidence that Mr. Rosales engaged in any dilatory conduct resulting in delay.

Mr. Rosales' requested attorney's fees of $12,562 represents *less* than 25% of the past-due benefits paid to Plaintiff and are not excessive in relation to the past-due award. (Doc. 19.)[1] *See generally Taylor v. Astrue*, No. 1:06-cv-00957-SMS, 2011 WL 836740, at *2 (E.D. Cal. Mar. 4, 2011) (granting petition for an award of attorney's fees pursuant to Section 406(b) in the amount

---

[1] The Court accepts Mr. Rosales' calculation of the past-due benefit award of $53,211.20, in conjunction with the December 2014 Notice of Award issued by the Commissioner. (*See* Docs. 31, 32.)

4

of $20,960.00); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (recommending an award of attorney's fees pursuant to Section 406(b) in the amount of $34,500.00); *Logan-Laracuente v. Astrue*, No. 1:07-cv-00983-SMS, 2010 WL 4689519, at *2 (E.D. Cal. Nov. 10, 2010) (granting petition for attorney's fees pursuant to Section 406(b) in the amount of $23,558.62).

In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. *See Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("Because attorneys like Mr. Sackett contend with a substantial risk of loss in Title II cases, an effective hourly rate of only $450 in successful cases does not provide a basis for this court to lower the fee to avoid a 'windfall.'" (quoting *Gisbrecht*, 535 U.S. at 807)).

An award of Section 406(b) fees, however, must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Plaintiff was awarded $3,500 in fees pursuant to the EAJA; as such, the fee award will be offset by $3,500.

### IV.   CONCLUSION AND ORDER

For the reasons stated above, the Court concludes that the fees sought by Plaintiff's counsel pursuant to Section 406(b) are reasonable.

Accordingly, IT IS ORDERED that Plaintiff's counsel's motion for an award of attorney's fees pursuant to Section 406(b) in the amount of $12,562 is GRANTED subject to an offset of $3,500 for EAJA fees previously awarded.

IT IS SO ORDERED.

Dated:   **October 27, 2015**                    /s/ Sheila K. Oberto
                                                 UNITED STATES MAGISTRATE JUDGE